**Denny YOUST and Robert A. Youst and Geraldine M. Youst, husband and wife, Petitioners,**

**v.**

**PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, Foster Bell, James Frank and Doreen Frank, husband and wife, W.F. Linder, II, Kenneth Weidman, Jackson Township, and the North Central Sewage Agency, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1999.

Decided Oct. 18, 1999.

Eugene E. Dice, Harrisburg, for petitioners.

Donald J. Smith, Harrisburg, for respondent, Dept. of Transportation.

Edith L. Dowling, Ekland, for respondent, Foster Bell.

John T. Clary, Jr., Scranton, for respondent, Kenneth Weidman.

Before COLINS, J., KELLEY, J., and JIULIANTE, Senior Judge.

COLINS, Judge.

Before the Court are preliminary objections filed separately by the Department of Transportation (PennDOT), Foster Bell, W.F. Linder II, Kenneth Weidman, Jackson Township, and the North Central Sewage Agency, respectively, to the petition for review in the nature of a complaint in equity filed by Denny Youst and Robert and Geraldine Youst. This matter was filed against PennDOT in our original jurisdiction pursuant to 42 Pa.C.S. § 761(a), which provides that Commonwealth Court has original jurisdiction over civil actions against the Commonwealth government. This Court has ancillary jurisdiction over the remaining respondents under 42 Pa. C.S. § 761(c), as a claim or matter related to the cause of action against PennDOT.

The Yousts own approximately 170 acres along State Route (S.R.) 328 in Jackson Township, Tioga County. The Yousts operate a restaurant on the property, which is also occupied by several mobile home tenants. Foster Bell, James and Doreen Frank, and Kenneth Weidman own property across S.R. 328 from the Yousts. W.F. Linder II owns property along S.R. 328 near and adjacent to the Youst property; tenants occupy the Linder property and residence.

Under S.R. 328, two corrugated metal pipes, which are owned and maintained by PennDOT, convey water from the highway and from the properties across S.R. 328 onto the Yousts' property. The pipes, one 18 inches in diameter and the other 15 inches, are located some 300 feet apart. The 18-inch pipe empties onto the Yousts' property near the restaurant and near a well that serves the restaurant, and the 15-inch pipe empties near the mobile homes.

The Bell, Frank, and Linder properties have on-lot sewage treatment systems, and the Yousts allege that untreated sewage from the Bell and Frank properties drains through the 18-inch pipe onto their property. The Yousts allege that untreated sewage together with storm water from the highway and the other properties causes the Youst property to be unpassable by foot or tractor and prevents the Yousts from entering those areas of the property where the untreated sewage collects to cut grass or to otherwise make use of the property. The Yousts allege that contaminants from the untreated sewage and storm water enter the ground water and may be drawn into their well. The Yousts allege that untreated sewage from the Linder property flows onto the Youst property through the 18-inch pipe and into Hammond Creek, which flows across the Youst property, and over a road on the Youst property, hindering travel on the road.

The 15-inch pipe discharges storm water from the Weidman property onto the Yousts' property. The Yousts allege that by channeling storm water into the pipe, Weidman has increased the volume and rate of flow onto the Youst property, occasionally flooding the mobile home lots and other areas and causing the Youst property to be unpassable and unusable. The Yousts allege that Bell, Weidman, and Frank have not obtained highway occupancy permits or other approval for the discharge into the PennDOT pipes.

The Yousts allege that by letters dated October 16, 1998, they informed Bell, Frank, and Linder, Jackson Township, and the township's sewage enforcement officer that the on-lot sewage systems were malfunctioning and that untreated sewage was flowing onto the Youst property and into Hammond Creek. They informed the Department of Environmental Protection (DEP) of the malfunctions and alleged violations of The Clean Streams Law.[1] By letters of the same date, the Yousts informed Weidman, DEP, and the Township that storm water run-off from the Weid-

---

1. Act of June 22, 1937, P.L.1987, *as amended,*     35 P.S. §§ 691.1–691.1001.

man property unlawfully discharges onto the Youst property. By letter of the same date, the Yousts notified PennDOT of the unlawful flows through their pipes onto the Youst property and of the problems caused by the discharges.

Counts I and II of the Yousts' complaint state claims against PennDOT in public and private nuisance and under the Storm Water Management Act,[2] respectively. Counts III through V state claims against Bell, Frank, and Linder under The Clean Streams Law, and in trespass and nuisance, respectively. Counts VI through VIII state claims against Weidman in trespass, nuisance, and under the Storm Water Management Act, respectively. Counts IX and X state claims against North Central Sewage Agency and Jackson Township, respectively, under the Pennsylvania Sewage Facilities Act.[3]

PennDOT has filed preliminary objections to the Yousts' complaint on the grounds that 1) sovereign immunity bars actions to compel the affirmative acts requested with respect to PennDOT's maintenance of an existing drainage system, 2) the Yousts have an adequate remedy at law for damages in eminent domain if their land has been damaged by PennDOT's actions, 3) failure to exhaust administrative remedies, and 4) failure to state a claim under the Storm Water Management Act for which relief can be granted.

■ Citing *Bonsavage v. Borough of Warrior Run,* 676 A.2d 1330 (Pa.Cmwlth. 1996), PennDOT argues that it is immune from suits in equity seeking affirmative action by injunctive relief. The Yousts argue that in a more recent case, *Kee v. Pennsylvania Turnpike Commission,* 685 A.2d 1054 (Pa.Cmwlth.1996), *affirmed,* 548 Pa. 550, 699 A.2d 721 (1997), this Court overruled the Commission's preliminary objection asserting sovereign immunity as an exception to our original jurisdiction.

In *Bonsavage,* landowners sued Penn-DOT, along with the Commonwealth, the borough, and an adjoining landowner in equity alleging failure to maintain storm sewer and sanitary sewer pipes that resulted in damage to the landowners' home and requesting injunctive and monetary relief. On sovereign immunity grounds, this Court dismissed the complaint against the Commonwealth and Penn-DOT. We stated that because the landowners sought to compel the Commonwealth and PennDOT to take affirmative action with respect to the sewer pipes, sovereign immunity shielded them from suit. We explained that while the General Assembly has waived sovereign immunity against Commonwealth agencies for damages arising out of a negligent act, it has not waived immunity for equitable claims seeking affirmative action by way of injunctive relief.

Contrary to the Yousts' contentions, *Bonsavage* has not been overruled or in any way superseded, and *Kee* is inapposite. In *Kee,* the landowners invoked our original jurisdiction seeking to permanently stop construction on a turnpike plaza or to require the Turnpike Commission to conduct certain studies. In preliminary objections, the Commission asserted that certain paragraphs of the complaint should be dismissed because the claims fell within exceptions to our original jurisdiction as set forth in 42 Pa.C.S. § 761(a)(1)(ii) (eminent domain proceedings) and (iv) (actions in trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity). We overruled the Commission's objection after concluding that the claims it was seeking to dismiss were not claims of taking or of trespass. Nothing in *Kee* can be read as a repudiation of our conclusions in *Bonsavage.*

■ Although we conclude that sovereign immunity bars suit against PennDOT under both Counts I and II of the com-

---

**2.** Act of October 4, 1978, P.L. 864, *as amended,* 32 P.S. §§ 680.1–680.17

**3.** Act of January 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. §§ 750.1–750.20a.

plaint, to the extent that Count II seeks abatement of allegedly unlawful conduct under the Storm Water Management Act (Act), we will address PennDOT's demurrer as to Count II, which alleges that PennDOT violated Section 13 of the Act, 32 P.S. § 680.13. Section 13 of the Act imposes duties on landowners and persons engaged in the alteration or development of land to ensure that development does not increase the rate of storm water run-off or to manage the increased run-off in a manner that protects health and property. 32 P.S. § 680.13. We agree with PennDOT that the Yousts have failed to state a claim under the Act in that they do not aver an alteration or development of land affecting the land's storm water run-off characteristics.

Because we sustain PennDOT's preliminary objections and dismiss Counts I and II of the complaint, the Yousts' remaining claims are outside our original jurisdiction. The jurisdiction to adjudicate the Yousts' claims against the remaining respondents must be considered by the court of common pleas. This matter will be transferred, pursuant to 42 Pa.C.S. § 5103, to the Court of Common Pleas of Tioga County for further disposition.

### ORDER

AND NOW, this 18th day of October, 1999, the preliminary objections of the Department of Transportation in the above-captioned matter are sustained, and this matter is hereby transferred to the Court of Common Pleas of Tioga County pursuant 42 Pa.C.S. § 5103.