# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,   :
Department of Transportation,   :
           Plaintiff   :
   :
        v.   :  No. 713 M.D. 2018
   :  Argued: February 10, 2020
A & R Development Co.,   :
          Defendant   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE J. ANDREW CROMPTON, Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER           **FILED: March 9, 2020**

The Commonwealth of Pennsylvania (Commonwealth), Department of Transportation (Department) initiated this action in the Court's original jurisdiction by filing a Petition for Review in the Nature of an Action for Declaratory Judgment (Complaint),[1] requesting the Court to declare two deeds, in which A & R Development Co. (A & R) allegedly transferred property to the Department without its consent or knowledge, *void ab initio*. (Complaint ¶ 2.) In response, A & R filed an Answer, New Matter, and Second Amended Counterclaim, alleging

---

[1] The Department's initial filing will be treated as a Complaint because it challenges the actions of a non-governmental entity. Pennsylvania Rule of Appellate Procedure 1504, Pa.R.A.P. 1504 (providing that "[i]f a petition for review is filed against any person, where the proper mode of relief is . . . a petition for declaratory judgment . . . the papers whereon the improvident matter was commenced shall be regarded and acted upon as a complaint").

that the Department's actions resulted in a de facto taking of the property as a result of storm water runoff, and, if the conveyance is deemed void, asserting negligence and trespass claims against the Department and requesting an abatement of a nuisance resulting from the Department's violation of the Storm Water Management Act[2] (SWMA). Before the Court for disposition are Preliminary Objections (POs) filed by the Department, which assert the following:[3] (1) A & R's Answer, New Matter, and Second Amended Counterclaim was untimely filed; (2) this Court lacks subject matter jurisdiction over A & R's negligence claim; (3) A & R failed to exhaust an available statutory remedy under the Eminent Domain Code[4] for its allegations based on the Department's intentional conduct; (4) A & R failed to state a claim upon which relief can be granted because the Department is entitled to sovereign immunity and/or is not subject to the SWMA; and (5) A & R has failed to sufficiently plead or state a claim for a violation of the SWMA.

## I. Background

### A. Complaint

The Department avers the following in the Complaint. This litigation involves property (Subject Property) that is located "near the intersection of West Steuben Street and State Route 30, also known as Shipland Road" located in North Fayette Township (Township), Allegheny County (County). (Complaint ¶ 9.) On approximately June 15, 2017, the Department received a letter from the Township advising that the Department needed to perform certain corrective repairs and

---

[2] Act of October 4, 1978, P.L. 864, *as amended*, 32 P.S. §§ 680.1-680.17.
[3] We have rearranged the order of the POs for ease of discussion.
[4] 26 Pa.C.S. §§ 101-1106.

2

routine maintenance on the Subject Property in order to comply with the Township's Stormwater Management Ordinance (Ordinance). (*Id.* ¶¶ 7-9.)

Upon the receipt of the Township's letter, the Department researched the matter "and determined that the Subject Property . . . was not a part of any Department project, environmental permits, or any Department-owned and maintained post-construction storm[ ]water management facility." (*Id.* ¶ 12.) After further research, however, the Department found that it was listed as the record owner of the Subject Property in the County's real estate records. (*Id.* ¶ 13.) The Department did not know of its record owner status until the end of June 2017. (*Id.* ¶ 14.) Additional research of the County's real estate records by the Department revealed the following documents related to the Subject Property:

(1) a deed reflecting that A & R conveyed the Subject Property, Lot 201 of the 1995 Plan (a previously approved subdivision plan), to the Department on or about October 29, 2013, which was recorded on January 15, 2014 (January 2014 Deed); and

(2) a corrective deed involving the Subject Property executed by A & R on or about November 19, 2014, that re-conveyed the Subject Property to the Department, which was recorded on December 11, 2014 (December 2014 Deed).

(Complaint ¶ 15, Exs. 9-10.) That research further revealed that A & R: had purchased the Subject Property as part of a larger parcel in the 1970s; had subdivided that parcel into three lots, of which the Subject Property is one; sold the other two parcels but retained ownership of the Subject Property; and is required by its subdivision plan and an easement agreement to maintain the Subject Property as a storm water drainage facility for the benefit of the other two lots. (Complaint ¶¶ 15, 24, 25; Exs. 4-8.)

Until June 2017, the Department was unaware of the January 2014 Deed and December 2014 Deed. (Complaint ¶ 16.) The Department never consented to A & R's conveyance of the Subject Property to the Department, and neither the January 2014 Deed nor the December 2014 Deed were delivered to or accepted by the Department. (*Id.* ¶¶ 17-18.) The Department has not engaged in any condemnation proceedings or eminent domain actions related to the Subject Property. (*Id.* ¶ 21.) At no time has the Department needed to use the Subject Property for any purposes, and the Subject Property provides no benefit to either the Department or the Commonwealth. (*Id.* ¶¶ 19-20.)

Based on these allegations, the Complaint sets forth two counts: one related to the January 2014 Deed and one related to the December 2014 Deed. The Department avers that A & R transferred the Subject Property without the consent or knowledge of the Department in order to avoid its liability for providing a storm water facility to the adjoining lots as required by the existing easement agreement and/or the Township's Ordinance. (*Id.* ¶ 33.) The Department seeks a judgment declaring the January 2014 Deed and December 2014 Deed *void ab initio* and that any liability that flows from the attempted transfers of the Subject Property be imposed on A & R, as the legal owner of the Subject Property. Further, the Department asks the Court to issue a decree directing the Department to file and record a certified copy of such judgment or order declaring that the January 2014 Deed and December 2014 Deed are *void ab initio* in the County's real estate grantor-grantee index.

*B. Answer, New Matter, and Second Amended Counterclaim*

On July 1, 2019, A & R filed its Answer, New Matter, and Second Amended Counterclaim wherein A & R admits that the January 2014 Deed and December

4

2014 Deed were recorded on the dates alleged. A & R denied the other averments as legal conclusions, for lack of sufficient knowledge, or as writings that speak for themselves.

In its New Matter, A & R avers the following, which is relevant to the pending PO as to the timeliness of A & R's pleading. The Department filed the Complaint, titled a Petition for Review, on December 18, 2018,[5] and by order dated December 27, 2018, this Court indicated that the filing was in the nature of a complaint to which the Pennsylvania Rules of Civil Procedure applied and that, under Pennsylvania Rule of Appellate Procedure 1504, Pa.R.A.P. 1504, an improvidently filed "petition for review **may** be treated as a complaint." (Answer, New Matter, and Second Amended Counterclaim ¶¶ 50-51 (quoting December 27, 2018 Order) (emphasis added by A & R).) This order did not say the filing "shall be treated as a 'complaint,'" only that it "may" be treated as a complaint and, under Appellate Rule 1504, "the Court may require that papers be clarified by amendment." (*Id.* ¶ 51.) At the time A & R received the December 27, 2018 order, it was not represented by counsel, and it understood the December 27, 2018 order as requiring the Department to submit and serve an additional filing on A & R before a response was required. (*Id.* ¶ 52.) On March 13, 2019, the Department filed a Notice of Praecipe to Enter Default Judgment, which prompted A & R to obtain counsel, who entered their appearances on March 18, 2019. (*Id.* ¶¶ 53-54.) Following this, the Department granted several extensions to file a response, which A & R served on the Department on or about April 12, 2019. (*Id.*

---

[5] Although the Department initially filed the Complaint on November 9, 2018, the Complaint was reinstated by praecipe on December 18, 2018. In accordance with Pennsylvania Rule of Civil Procedure 401, Pa.R.C.P. No. 401, A & R was personally served with the Complaint on December 19, 2018.

5

¶¶ 55-57.) A & R subsequently filed the current Answer, New Matter, and Second Amended Counterclaim on July 1, 2019.[6]

Also in its New Matter, A & R asserts the following. Waters from the Department's roadways, including Steubenville Pike East and State Route 30, collect on the Subject Property, which renders the Subject Property valueless. The Department is an "acquiring agency" with the powers of condemnation, and the Department's actions "have substantially interfered with the use and enjoyment of the [Subject] Property" resulting in a "constructive taking" or "de facto taking" of the Subject Property. (*Id.* ¶¶ 67-70.) As a result of this de facto taking, the Department "is the rightful equitable owner of the [Subject] Property and . . . should be estopped from challenging the conveyance thereof."[7] (*Id.* ¶ 71.)

In its Second Amended Counterclaim, A & R asserts claims for trespass (Count I) and a violation of the SWMA (Count II). In Count I, A & R contends that if it is determined that there was no de facto taking or valid conveyance of the Subject Property to the Department, as the Department claims, A & R has a ripe negligence action for trespass because the Subject Property has been subjected to uncontrolled storm water runoff from the Department's roadways, A & R has not consented to that intrusion, the Department has a duty to refrain from such discharge, the Department has breached that duty, and the breach has rendered the Subject Property valueless. (*Id.* ¶¶ 73, 75-82.) As a result, "A & R demands

---

[6] The Department filed POs and a Motion to Strike A & R's April 2019 response as untimely. Following argument and by agreement of the parties, the Court granted the Motion to Strike by order dated July 23, 2019. That order indicated that the operative pleadings in this matter are the Department's Complaint, A & R's July 1, 2019 Answer, New Matter, and Second Amended Counterclaim, and the Department's POs thereto.

[7] Although A & R initially included a counterclaim for a de facto taking in its prior filing, which was stricken, A & R does not reassert that counterclaim.

6

compensation for the damages to the [Subject] Property resulting from the Department's activities." (*Id.* ¶ 84.) According to A & R, these counterclaims fall within the Court's ancillary jurisdiction because they "are derived from the same transaction as the Department's action seeking to void the conveyance of property." (*Id.* ¶ 85.)

In Count II, A & R avers that Section 13 of the SWMA, 32 P.S. § 680.13, requires property developers to manage the storm water runoff from their developments and that the Department is in direct violation of this section. A & R asserts that the Department violated Section 13 of the SWMA when it altered its land, which affected the land's storm water runoff characteristics, and did not implement measures under the applicable watershed storm water plan necessary to prevent injury to the Subject Property. (Answer, New Matter, and Second Amended Counterclaim ¶¶ 87-91.) Pursuant to Section 15(b) of the SWMA, 32 P.S. § 680.15(b), A & R claims, a person injured by a Section 13 violation is authorized to bring an action to prevent, abate, or restrain a violation thereof, and the costs of pursuing such a claim are recoverable against the violator. (Answer, New Matter, and Second Amended Counterclaim ¶¶ 92-93.) A & R further contends that the Department's actions in allowing the storm water runoff are intentional and unreasonable and such actions have caused A & R to suffer and continue to suffer damages. (*Id.* ¶¶ 95-96.) Therefore, the Department's actions have created a nuisance, and A & R seeks equitable relief to abate that nuisance, as well as compensation for the damages to the Subject Property should the conveyance of the Subject Property be deemed void. (*Id.* ¶¶ 97-99.)

**II. The Department's POs and A & R's Answer to the POs**

Before the Court are the Department's POs to A & R's Answer, New Matter, and Second Amended Counterclaim, and A & R's opposition thereto. The Department asserts the following POs: "failure of a pleading to conform to law or rule of court"; "lack of jurisdiction over the subject matter of the action"; "failure to exercise or exhaust a statutory remedy"; "legal insufficiency of a pleading (demurrer)"; and "insufficient specificity in a pleading." Pennsylvania Rule of Civil Procedure 1028(a)(1)-(4), (7), Pa.R.C.P. No. 1028(a)(1)-(4), (7). We address each PO in turn.

*A. Whether A & R's Answer, New Matter, and Second Amended Counterclaim fails to conform to law because it was untimely.*

The Department contends A & R's Answer, New Matter, and Second Amended Counterclaim should be stricken because it is untimely and, therefore, does not conform to the Pennsylvania Rules of Civil Procedure. It argues as follows. The Complaint was served on A & R on December 19, 2018, and no responsive pleading was filed within the 20 days required by Pennsylvania Rule of Civil Procedure 1026, Pa.R.C.P. No. 1026. Instead, A & R's first responsive pleading was filed on April 16, 2019, more than three months late, and A & R cannot establish just cause for the untimeliness. Because A & R cannot meet its burden, the Department is not required to establish that it was prejudiced by the delay. Further, the Department did not waive its objection to the untimeliness of A & R's Answer, New Matter, and Second Amended Counterclaim; rather, its agreement not to file a default judgment until a specific date only waived its right to seek that relief and not its objection to timeliness. Therefore, A & R's filing must be stricken and the allegations contained in the Complaint deemed admitted.

8

A & R responds as follows. The Department waived the timing requirements of Civil Rule 1026 by granting A & R extensions to respond per Pennsylvania Rule of Civil Procedure 1003, Pa.R.C.P. No. 1003 (allowing for the waiver of the time to file or serve pleadings by agreement of the parties). Even if the Department had not waived the timeliness argument, A & R had just cause for the delay based on this Court's December 27, 2018 order. Prior to its receipt of the Department's Notice of Praecipe to Enter Default Judgment, it had no reason to believe it had to file a response to the Complaint. When it realized a response was required, A & R obtained counsel, who requested and received extensions from the Department. These circumstances constitute just cause for the delay, and the Department has not demonstrated it has been prejudiced by the late filing.

Civil Rule 1026(a) provides, in relevant part, that "every pleading subsequent to the complaint shall be filed within [20] days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." Pa.R.C.P. No. 1026(a). When a party moves to strike a pleading, the party that filed the untimely pleading must establish just cause for the delay, and it is only after evidence of just cause is presented that the moving party must prove it was prejudiced by the pleading's lateness. *Peters Creek Sanitary Auth. v. Welch*, 681 A.2d 167, 170 (Pa. 1996). However, the 20-day pleading requirement is **permissive**, not mandatory, and a court has the "**discretion** [**to] accept[] late pleadings** in the **absence of prejudice** and **where justice so requires**." *Mazur v. Cuthbert*, 186 A.3d 490, 497 (Pa. Cmwlth.) (emphasis added), *appeal denied*, 198 A.3d 1052 (Pa. 2018).

It appears the Department's Complaint was improvidently filed under Chapter 15 of the Appellate Rules, thus necessitating the December 27, 2018 order,

9

in which the Court treated the filing as a complaint notwithstanding the defect. In that order, this Court does use language that could be interpreted as allowing for an additional filing by the Department to perfect its "Petition for Review" based on its reference to Appellate Rule 1504 and stating an "improvident petition for review **may** be treated as a complaint." *Dep't of Transp. v. A & R Dev. Co.* (Pa. Cmwlth., No. 713 M.D. 2018, filed Dec. 27, 2018) (emphasis added). Although not quoted in the December 27, 2018 order, Rule 1504 also states, as pointed out by A & R, that "[t]he court may require that the papers be clarified by amendment." Pa.R.A.P. 1504; (A & R's Brief (Br.) at 10). Compounding the situation is the correspondence between the parties, which reflects A & R's requests for "an extension . . . to respond to [the] Complaint (Petition)," to which the Department agreed that it would "hold off on the Department's Application . . . for default judgment." (Answer, New Matter, and Second Amended Counterclaim, Ex. B.) A & R filed its initial response within that extension period. We acknowledge the Department's assertion that it only waived its right to seek a default judgment. In exercising our discretion, we note that the effect of striking the Answer, New Matter, and Second Counterclaim would result in A & R's admission of all of the averments in the Complaint, that there was confusion related to the Department's filing of the Complaint as a Petition for Review, and that there is a lack of prejudice, and, therefore, find that the interests of justice will be better served to allow the late filing here. We, therefore, overrule the Department's PO seeking to strike the Answer, New Matter, and Second Amended Counterclaim as untimely.

> ### B. Whether this Court lacks subject matter jurisdiction over Count I of the Second Amended Counterclaim.

The Department objects to Count I of A & R's Second Amended Counterclaim, the negligence/trespass claim, on the basis that this Court lacks

10

subject matter jurisdiction over that claim. It argues as follows. A & R's negligence/trespass claim does not fall within this Court's original jurisdiction as set forth in Section 761(a) of the Judicial Code, 42 Pa.C.S. § 761(a), which excepts "actions or proceedings conducted pursuant to Chapter 85 [of the Judicial Code] (relating to matters affecting government units)" and "actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity." Because a common law claim based in negligence falls within Chapter 85 and the Commonwealth formerly enjoyed sovereign immunity to an action in the nature of trespass, these claims are excluded from this Court's original jurisdiction. (POs ¶¶ 24-25 (citing *Pastore v. Com. State Sys. of Higher Educ.*, 618 A.2d 1118, 1123 (Pa. Cmwlth. 1992)).) There is no ancillary jurisdiction over A & R's Counterclaim because the underlying facts pertaining to that claim do not arise out of transactions related to the Department's Complaint, which solely arise out of A & R's "illegal and fraudulent transfer of real property," and not from any alleged uncontrolled storm water runoff from the state roadways adjacent to the Subject Property. (*Id.* ¶ 26.) Thus, this matter is distinguishable from *Department of General Services v. Frank Briscoe Company, Inc.*, 466 A.2d 1336, 1339 (Pa. 1983), because in that case both the Commonwealth's complaint against a contractor and the contractor's counterclaim arose out of the same construction contract. A & R cannot expand this Court's jurisdiction by raising a defense, particularly de facto taking, which is not an affirmative defense. *Peters Township v. Russell*, 121 A.3d 1147, 1152 n.12 (Pa. Cmwlth. 2015). For these reasons, the Court lacks jurisdiction over Count I, and that count must be dismissed.

11

A & R responds with the following.  A & R's Counterclaim falls within the Court's ancillary jurisdiction because it has raised the Department's substantial interference with the use and enjoyment of the Subject Property without the formal exercise of eminent domain as a defense to the Department's Complaint and those actions should estop the Department for challenging the conveyance of the Subject Property.  The Court has jurisdiction to hear this defense and, if A & R is unsuccessful in that defense, the Court should be able to consider A & R's negligence action for trespass.  Relying on *Frank Briscoe*, 466 A.2d at 1336, A & R argues its Counterclaim derives from the same transaction as the Department's Complaint and, therefore, falls within the Court's ancillary jurisdiction.

Section 761(a) and (c) of the Judicial Code sets forth this Court's original jurisdiction and ancillary jurisdiction, providing, in relevant part:

> (a) **General rule.--**The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
> . . .
> (iii) actions or proceedings conducted pursuant to Chapter 85 (relating to matters affecting government units [and relating to sovereign immunity]);
> . . .
>  (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.
>
> (2) By the Commonwealth government, including any officer thereof, acting in his official capacity, except eminent domain proceedings.
> . . . .

12

(c) **Ancillary matters.--** . . . . To the extent prescribed by general rule the **Commonwealth Court shall have ancillary jurisdiction over any claim** or other matter **which is related to a claim** or other matter otherwise **within its exclusive original jurisdiction**.

42 Pa.C.S. § 761(a), (c) (emphasis added).  A & R contends Count I falls within this Court's ancillary jurisdiction under Section 761(c) because it arises out of the same transaction or transactions as the Department's Complaint.

"An action or proceeding includes the entire case arising out of a single transaction or series of transactions." *Frank Briscoe*, 466 A.2d at 1339.  In *Frank Briscoe*, the Commonwealth filed a breach of contract action against a contractor, to which the contractor filed a counterclaim asserting that the Commonwealth had breached the same contract.  This Court granted the Commonwealth's preliminary objection based on a lack of jurisdiction over the counterclaim, but the Supreme Court reversed.   The Supreme Court explained the contractor asserted its competing breach of contract claim, which ordinarily would have gone to the Board of Claims, as a counterclaim to the Commonwealth's assumpsit action, but that a "party sued may assert a claim derived from the same transaction as a basis for recoupment, even though the claim could only have been commenced as an original matter in the Board of Claims." *Id.*  The Supreme Court then expanded this concept to the grant of an affirmative recovery, stating:

> Surely if the Commonwealth Court has jurisdiction to hear a counterclaim for purposes of recoupment, a claim which will, if successful, reduce or even nullify entirely a judgment for the Commonwealth, there is no sound jurisprudential or policy reason why the Commonwealth Court should be unable to utilize the same trial to grant an affirmative recovery.  Indeed, as noted by both [the contractor] and the [Commonwealth], who [sic] have joined in urging this Court to hold that [the contractor's] counterclaim is within the Commonwealth Court's jurisdiction, judicial economy is advanced by

13

> allowing the parties to obtain a comprehensive disposition of the litigation in one proceeding.

*Id.* Noting that the "scope of the 'civil action' over which the Commonwealth Court has statutorily been granted jurisdiction" was "deemed to include not only the [Commonwealth's] allegations of breach of contract against" the contractor but also the contractor's "claim for damages against the [Commonwealth], both of which **arise out of the same contractual undertaking**," the Supreme Court reversed and remanded the matter for a merits determination. *Id.* at 1340 (emphasis added).

Citing this language, A & R asserts that judicial economy requires that the Court address its Counterclaim at the same time we address the Department's declaratory judgment action as they relate to the same transaction. We cannot agree. The Department's Complaint is based on the actions of A & R, occurring in 2013 and 2014, through which, the Department claims, A & R conveyed the Subject Property to the Department without its knowledge or consent. The Department seeks a declaratory judgment reflecting that such conveyances are void and that any liabilities associated with the Subject Property are to be imposed on A & R, not the Department. The Department does not claim or seek damages. In contrast, the allegations set forth in Count I, A & R's negligence action for trespass, are premised on A & R's ownership of the Subject Property, and relate to an alleged "uncontrolled storm water runoff from the Department's roadways and facilities" onto the Subject Property. (Answer, New Matter, and Second Amended Counterclaim ¶ 78.) These allegations do not arise from A & R's recording of deeds conveying the Subject Property to the Department; thus, they are not from the same transaction or transactions at issue in the Complaint. Therefore, the principles of judicial economy served by allowing the counterclaim in *Frank*

14

*Briscoe* to proceed are not served by allowing A & R to assert its counterclaim here.

A & R's assertion that its de facto condemnation defense provides this Court with ancillary jurisdiction to consider the negligence action is unpersuasive. An assertion of de facto condemnation is neither an affirmative defense nor a proper counterclaim. *Peters Township*, 121 A.3d at 1152 n.12. Such claims must be raised in a petition under the Eminent Domain Code. *Id.* While A & R disclaims any desire to proceed under the Eminent Domain Code, (*see* A & R's Br. at 17), it may not use those assertions as a means to expand this Court's jurisdiction beyond that authorized by law.

Because this Court lacks ancillary jurisdiction to consider Count I of the Second Amended Counterclaim, we sustain the Department's PO and dismiss Count I.

### C. Whether A & R failed to exercise and/or exhaust its statutory remedy for the allegations in Count II under the Eminent Domain Code.

The Department avers that Count II must be dismissed because A & R has not exhausted an available statutory remedy, arguing as follows. Because A & R is alleging that the Subject Property was damaged and rendered valueless by the Department's intentional actions, A & R has a statutory remedy under Section 502(c) of the Eminent Domain Code, 26 Pa.C.S. § 502(c). The equitable relief A & R seeks in Count II under the SWMA is unavailable at this time because the allegations are in the nature of a de facto taking and A & R has not exhausted its remedies under the Eminent Domain Code, which is the exclusive remedy for a de facto taking. Because the Eminent Domain Code protects A & R's legal rights and provides an adequate remedy by allowing for compensation for any alleged loss of the use and enjoyment of the Subject Property, A & R cannot seek a remedy under

15

this Court's equitable jurisdiction. *Lerro v. Dep't of Transp.*, 379 A.2d 652, 654 (Pa. Cmwlth. 1977).[8]

A & R asserts that it has pled that the Department, through its actions that resulted in a de facto taking, is the equitable owner of the Subject Property and should be estopped from challenging that conveyance. In A & R's view, its conveyance of the Subject Property to the Department essentially was "a 'deed in lieu of condemnation' for valueless property." (A & R's Br. at 17.) It does not seek relief under the Eminent Domain Code in the form of just compensation for the Subject Property and, therefore, the Department's PO should be overruled.

The Department responds that A & R's arguments admit that A & R's remedy rests in the Eminent Domain Code. The Department asserts the Court should reject A & R's efforts to forgo the judicial process to obtain a determination that a de facto taking occurred, even though A & R believes such taking occurred, by using other means to obtain relief for the damages allegedly caused by the Department's intentional actions.

The Department's PO attempts to transform Count II of the Second Amended Counterclaim into something it is not. While A & R initially filed a counterclaim asserting a de facto taking claim, A & R's current Answer, New Matter, and Second Amended Counterclaim does not reassert that counterclaim. Rather, it asserts a statutory basis for Count II, the SWMA, and the Department's alleged violation of that statute's provisions. Because A & R is not asserting a de facto claim or seeking relief for a de facto taking, it was not required to exhaust the

---

[8] The Department further claims that A & R's conduct in filing the Second Amended Counterclaim is dilatory, obdurate, vexatious, and arbitrary, and reflects bad faith thereby entitling the Department to reasonable attorney's fees under Section 2503(7) and (9) of the Judicial Code, 42 Pa.C.S. § 2503(7), (9).

16

Eminent Domain Code's provisions before asserting its claim under the SWMA. Thus, the Department's PO seeking dismissal of Count II for this reason is overruled.

> D. *Whether A & R has stated a claim upon which relief can be granted in Count II.*

The Department demurs to Count II of the Second Amended Counterclaim, which is based on an alleged violation of the SWMA, claiming that it is legally insufficient for three reasons: the Department is entitled to sovereign immunity; the SWMA does not authorize private suits for damages against it; and A & R has failed to plead the required elements for stating a claim under the SWMA. The Court reviews demurrers using the following standards. "[T]he Court must accept as true all well-pleaded allegations of material fact and inferences reasonably deducible therefrom." *Kee v. Pa. Turnpike Comm'n*, 685 A.2d 1054, 1057 (Pa. Cmwlth. 1996). It is only in cases where it is clear and free from doubt and it appears with certainty that the law will permit no recovery under the allegations pled that a demurrer should be sustained. *Id.*

> 1. Whether the Department is entitled to sovereign immunity because the allegations in Count II are not based on any alleged negligence by the Department.[9]

The Department demurs to this claim on the ground it is entitled to sovereign immunity because A & R is not seeking "damages arising out of a negligent act,"

---

[9] Pennsylvania Rule of Civil Procedure 1030(a), Pa.R.C.P. No. 1030(a), provides that immunity of suit is an affirmative defense that should be pled as new matter. However, "Pennsylvania Courts have long recognized a limited exception to this rule" and allowed the defense to be raised "as a preliminary objection where the defense is clearly applicable on the face of the complaint." *Feldman v. Hoffman*, 107 A.3d 821, 829 (Pa. Cmwlth. 2014). A & R did not file a preliminary objection to the Department's assertion of this affirmative defense as a preliminary objection.

17

arguing as follows. (POs ¶¶ 39-41, 43 (emphasis omitted) (quoting Section 8522(a) of what is known as the Sovereign Immunity Act, 42 Pa.C.S. § 8522(a)).) A & R's claim does not fall within one of the enumerated exceptions to sovereign immunity set forth in Section 8522(b) of the Sovereign Immunity Act because A & R's claim is predicated on a nuisance theory under the SWMA claiming **intentional** conduct by the Department, and there is no exception for intentional acts by a state agency beyond a claim under the Eminent Domain Code. (*Id.* ¶¶ 43-44 (citing *Faust v. Dep't of Revenue*, 592 A.2d 835, 839 (Pa. Cmwlth. 1991)); Department's Br. at 15.) To the extent this count seeks affirmative action on its part, such relief is barred by sovereign immunity.

A & R does not directly address the Department's demurrer based on sovereign immunity. Rather, A & R asserts that it can proceed on its claims, at least in part, pursuant to Section 15(b) of the SWMA. A & R also argues that the Court's decision in *Kee* supports its argument that the SWMA can be used to obtain relief against the Department.

It is well established that sovereign immunity is the law in Pennsylvania and is grounded in article 1, section 11 of the Pennsylvania Constitution. *E–Z Parks, Inc. v. Phila. Parking Auth.*, 532 A.2d 1272, 1276 (Pa. Cmwlth. 1987). The General Assembly has provided that the Commonwealth enjoys sovereign immunity and is immune from suit except when and where the General Assembly has otherwise provided. 1 Pa.C.S. § 2310.[10] Section 8522(a) of the Sovereign

---

[10] This provision states, in relevant part:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth . . . shall continue to enjoy sovereign immunity . . . and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the

**(Footnote continued on next page…)**

18

Immunity Act describes the extent of the General Assembly's waiver of the Commonwealth's sovereign immunity and provides:

> (a) Liability imposed.--**The General Assembly**, pursuant to section 11 of Article I of the Constitution of Pennsylvania, **does hereby waive**, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), **sovereign immunity** as a bar to an action against Commonwealth parties, **for damages arising out of a negligent act** where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

42 Pa.C.S. § 8522(a) (emphasis added). Section 8522(b) of the Judicial Code describes the nine "[a]cts which may impose liability" on the Commonwealth if engaged in negligently.[11] 42 Pa.C.S. § 8522(b). These provisions reflect that the General Assembly has waived sovereign immunity only for damages arising from negligent acts that fall within the exceptions in Section 8522(b), not for claims based on intentional actions. *Faust*, 592 A.2d at 839.

After examining A & R's allegations, we agree with the Department in part. A & R asserts claims for nuisance and a violation of the SWMA, seeking damages

---

**(continued…)**

> General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 Pa.C.S. § 2310.

[11] The exceptions to sovereign immunity are: vehicle liability; medical-professional liability; care, custody or control of personal property; Commonwealth real estate, highways, and sidewalks; potholes and other dangerous conditions; care, custody, and control of animals; liquor store sales; National Guard activities; and toxoids and vaccines. 42 Pa.C.S. § 8522(b).

19

and abatement of the nuisance. This Court addressed similar claims in *Youst v. Pennsylvania Department of Transportation*, 739 A.2d 625, 627 (Pa. Cmwlth. 1999), wherein landowners filed an action against the Department in this Court's original jurisdiction raising claims for nuisance under Section 13 of the SWMA and seeking an order requiring the Department to maintain its storm water pipes. The Department responded with multiple demurrers, including that the suit was barred by sovereign immunity. *Id.* The Court concluded that the landowners' claims were barred by sovereign immunity because "while the General Assembly has waived sovereign immunity against Commonwealth agencies for damages arising out of a negligent act, it has not waived immunity for equitable claims seeking affirmative action by way of injunctive relief." *Id.*

Although A & R cites *Kee* in support of its claim, *Youst* distinguished *Kee*. In *Kee*, landowners brought an action against the Pennsylvania Turnpike Commission (Commission) seeking, among other relief, an order directing the Commission to file certain SWMA-required storm water management plans for a construction project enlarging a service plaza. 685 A.2d at 1055, 1058. The Commission objected, claiming it was entitled to sovereign immunity. This Court disagreed, holding that the landowners' mandamus action seeking to have the Commonwealth agency file a storm water management plan, as required by the SWMA, was not barred by sovereign immunity. *Id.* at 1059. Here, A & R is not asserting a mandamus action; it is seeking equitable relief and damages based on its contention that the Department engaged in intentional and unreasonable conduct that damaged the Subject Property. Accordingly, to the extent A & R seeks injunctive relief requiring the Department to take affirmative actions, those claims

20

are barred by sovereign immunity pursuant to *Youst*, and we sustain the Department's demurrer in part and dismiss those claims of Count II.

This conclusion, however, does not resolve A & R's claim for monetary damages and abatement under the SWMA. Like the Court in *Youst*, which also addressed the Department's other preliminary objection, we will do the same here.

2. <u>Whether the SWMA authorizes a private suit for damages against the Department.</u>

The Department also asserts Count II is legally insufficient because the SWMA does not authorize a private suit for damages against the Department. It argues as follows. The definition of "person" under Section 4 of the SWMA, 32 P.S. § 680.4, specifically excludes any department of the Commonwealth, and any provision of the SWMA that uses that term, including those imposing penalties, cannot apply to the Department. Therefore, A & R's claims for monetary damages based upon the Department's alleged violation of the SWMA cannot be asserted against the Department and A & R has not pled a legally sufficient claim against the Department. *Pastore*, 618 A.2d at 1124.

A & R argues as follows. Pursuant to *Kee*, Section 13 of the SWMA does apply to state actors, requiring that those actors implement measures under any applicable storm water management plan to prevent injury. A & R concedes that *Kee* precludes recovery of monetary damages and other penalties under Section 15(c) of the SWMA. Nevertheless, Section 15(b) of the SWMA allows A & R to bring an action against the Department for its violation of Section 13 of the SWMA in order to require the Department to implement measures under the relevant storm water management plan to prevent injuries. Section 15(b) also allows A & R to recover the expenses for these proceedings, which should not be considered "penalties" subject to the Section 15(c) limitations. Because A & R has

21

stated a claim upon which relief can be granted, the Department's demurrer in this regard should be overruled.

In Count II, A & R asserts that the Department has violated Section 13 of the SWMA, which provides:

> Any landowner and any person engaged in the alteration or development of land which may affect storm water runoff characteristics shall implement such measures consistent with the provisions of the applicable watershed storm water plan as are reasonably necessary to prevent injury to health, safety or other property. Such measures shall include such actions as are required:
>
> (1) to assure that the maximum rate of storm water runoff is no greater after development than prior to development activities; or
>
> (2) to manage the quantity, velocity and direction of resulting storm water runoff in a manner which otherwise adequately protects health and property from possible injury.

32 P.S. § 680.13. This violation, A & R argues, allows it to pursue civil remedies under Section 15 of the SWMA, which states:

> (a) Any activity conducted in violation of the provisions of this act or of any watershed storm water plan, regulations or ordinances adopted hereunder, is hereby declared a public nuisance.
>
> (b) **Suits to restrain, prevent or abate violation of this act or of any watershed storm water plan**, regulations or ordinances adopted hereunder, **may be instituted in equity or at law by** the department, any affected county or municipality, or **any aggrieved person**. . . . . **The expense of such proceedings shall be recoverable from the violator in such manner as may now or hereafter be provided by law**.
>
> (c) **Any person injured by conduct which violates the provisions of section 13 may**, in addition to any other remedy provided under this act, **recover damages caused by such violation from the landowner or other responsible person**.

22

32 P.S. § 680.15 (emphasis added). However, Section 4 of the SWMA specifically excludes "any department, board, bureau or agency of the Commonwealth" from the definition of "person" in "any section prescribing or imposing a penalty." 32 P.S. § 680.4.

In *Kee*, this Court distinguished actions seeking to enforce the SWMA, such as an action in mandamus seeking to require a Commonwealth agency to file a storm water management plan for a construction project, which was a ministerial act, from an action seeking to "impos[e] monetary and other penalties" on a Commonwealth agency for violations of the SWMA. 685 A.2d at 1059. While the former action was authorized under the SWMA, the latter was not based on the exclusion relied on by the Department here. *Id.* The Court did, however, recognize that Section 13 of the SWMA did apply to state actors and "reject[ed] the notion that compliance with a clearly stated statutory duty," in that case the filing of the storm water management plan, "constitute[d] a 'penalty' rather than a ministerial act." *Id.*

Based on *Kee*, it is clear and free from doubt that A & R's requests for monetary damages and penalties under Section 15(c) are precluded. *See also Pastore*, 618 A.2d at 1124 (granting summary judgment to state agency on landowners' claim for monetary damages arising out of a violation of the SWMA). A & R concedes as much in its brief. (A & R's Br. at 14.) Therefore, to the extent A & R seeks monetary damages and penalties, the Department's demurrer is sustained in part and those claims are dismissed.

This leaves A & R's claims for abatement based on the Department's alleged violation of Section 13 of the SWMA and that it should be able to recover the costs related to obtaining that relief under Section 15(b) of the SWMA. To

address these claims, we consider the Department's last two POs, which we will address together.

    *E. Whether A & R has sufficiently pled or stated a claim for a violation of the SWMA in Count II.*

Finally, the Department asserts two related POs based on its contentions that Count II should be dismissed because A & R has not pled sufficient factual details regarding the alleged alteration or development of the land and has not pled the required elements for a SWMA claim. As to the asserted deficiency in the factual pleading, the Department asserts that without facts as to what the alleged alteration or development of the land was, when such alteration occurred, and what approved storm water management plan it violated, the Department lacks sufficient information to investigate those claims and raise any proper defense thereto. As to the second deficiency, the Department argues that, to state a valid claim under the SWMA, a party has to allege, at a minimum, the existence of a Department of Environmental Protection (DEP)-approved storm water runoff plan covering the subject area and a violation of that plan. (PO ¶ 50 (citing *Lincoln Inv'rs, L.P. v. King*, 152 A.3d 382, 390 (Pa. Cmwlth. 2016)).) Here, the Department argues that the pleading deficiencies cited above require the claim to be dismissed as legally insufficient for not pleading the elements for a violation of the SWMA. *Youst*, 739 A.2d at 628. It maintains that while there may be circumstances where a claim can be filed without having to allege the existence of a storm water runoff plan, such as the mandamus action in *Merlino v. Delaware County*, 711 A.2d 1100, 1105-06 (Pa. Cmwlth. 1998), where the petitioners sought to have a county to prepare such a plan, the SWMA does not impose a general duty on the Commonwealth or other property owners to retrofit existing properties to be consistent with a later-enacted storm water management plan. Rather, such duty arises only in the location,

design, and construction of projects, and common sense dictates that there can be no violation of this duty if no plan existed at the time of its actions. Section 11(a) of the SWMA, 32 P.S. § 680.11(a).

A & R maintains that it has sufficiently stated a claim under Section 15(b), pointing to Paragraph 90 of its Answer, New Matter, and Second Amended Counterclaim, wherein it pleaded: "The Department has failed to implement such measures consistent with the provisions of the applicable watershed storm water plan as are reasonably necessary to prevent injury to the [Subject] Property." According to A & R, the Department acknowledges the existence of two County-adopted watershed storm water plans approved by the DEP and, even if neither of these apply, a violation of the SWMA itself can result in liability. *Lincoln Inv'rs*, 152 A.3d at 387. A & R further argues its pleadings sufficiently allege that the violations occurred "prior to the challenged conveyance" in 2014 "and continue potentially to this date." (A & R's Br. at 16.) Accordingly, A & R asserts, Section 15(b) of the SWMA permits recovery for Count II as pleaded and the demurrer should be overruled.

In reviewing a preliminary objection challenging the specificity of a pleading, "[t]he pertinent question[s are] . . . whether the complaint is sufficiently clear to enable the defendant to prepare [a] defense" and "whether the . . . complaint informs the defendant with **accuracy and completeness of the specific basis** on which recovery is sought so that [the defendant] may know **without question upon what grounds to make [a] defense**." *Podolak v. Tobyhanna Twp. Bd. of Supervisors*, 37 A.3d 1283, 1288 (Pa. Cmwlth. 2012) (emphasis added) (internal quotation marks omitted). "If it is possible that the pleading can be cured by amendment, a court must give the pleader an opportunity to file an amended

25

complaint. . . . This is not a matter of discretion with the court but rather a positive duty." *Jones v. City of Philadelphia*, 893 A.2d 837, 846 (Pa. Cmwlth. 2006) (internal quotation marks omitted).

In regard to the Department's demurrer based on the legal insufficiency, we note that by its terms, Section 15(b) of the SWMA authorizes a party aggrieved by a violation of Section 13 to bring an action seeking the abatement of the violating conduct. 32 P.S. § 680.15(b). While Section 15(b) liability can arise out of violations of the SWMA itself, such as the failure of a county to adopt a storm water plan, *Merlino*, 711 A.2d at 1105-06, or a developer's failure to file the SWMA-required storm water management plan, *Kee*, 685 A.2d at 1059, both of which involved mandamus actions, this principle does not apply to Section 13 violations. To state a claim for violating Section 13 requires "a showing that the landowner's conduct violated the terms of a county-adopted watershed storm water plan." *Lincoln Inv'rs*, 152 A.3d at 390. As the existence of a county-adopted watershed storm water plan is a prerequisite to a violation of Section 13, any claim for damages for such a violation is limited to those incurred after the adoption of a county watershed storm water plan. *Id.*

Here, A & R is not seeking mandamus relief or asserting a violation of a section of the SWMA other than Section 13. It is apparent from Count II that A & R is asserting a violation of Section 13 of the SWMA and, therefore, must allege that the Department's "conduct violated the terms of a county-adopted watershed storm water plan." *Lincoln Inv'rs*, 152 A.3d at 390. A & R does aver that "[t]he Department has engaged in the alteration or development of the Department's land which affects said land's storm[ ]water run[ ]off characteristics" and that the Department "failed to implement such measures consistent with the

26

provisions of the applicable watershed storm water plan as are reasonably necessary to prevent injury to the [Subject] Property." (Answer, New Matter, Second Amended Counterclaim ¶¶ 89-90.) Thus, this is not like *Youst*, wherein the Court sustained the Department's demurrer to the landowners' claim of a violation of Section 13 of the SWMA because the landowners did "not aver an alteration or development of land affecting the land's storm[ ]water run[ ]off characteristics." 739 A.2d at 628.

However, A & R's averments at this time are "barebones," (Department's Br. at 18), in that they do not set forth any details of the alleged alteration or development, the time of that alteration or development, or which of the two County watershed storm water plans the Department is alleged to have violated. Without that information, the Department is not informed "with accuracy and completeness of the specific basis on which recovery is sought" making it difficult for the Department to investigate and "know without question upon what grounds [it must] make [a] defense." *Podolak*, 37 A.3d at 1288. But, because the Court concludes it is possible that the lack of specificity in Count II could "be cured by amendment," we are duty-bound to provide A & R the opportunity to do so. *Jones*, 893 A.2d at 846. Therefore, while we sustain the Department's POs challenging the factual specificity and legal sufficiency of Count II as that count relates to A & R's claim for abatement and costs of recovery, we grant A & R leave to amend Count II of its Counterclaim. Any amendment shall be filed within 20 days of this opinion and order.

## III. Conclusion

For the foregoing reasons, we overrule the Department's PO asserting that the Answer, New Matter, and Second Amended Counterclaim failed to conform to

27

law because it was untimely filed. We sustain the Department's PO asserting that this Court lacks subject matter jurisdiction over Count I of the Second Amended Counterclaim and dismiss Count I with prejudice. We overrule the Department's PO asserting that A & R failed to exhaust the available statutory remedy under the Eminent Domain Code for the allegations relevant to Count II of the Second Amended Counterclaim. We sustain the Department's demurrers to Count II to the extent A & R sought injunctive relief requiring the Department to take affirmative actions and the payment of monetary damages and penalties, and those claims are dismissed with prejudice. Finally, we sustain the Department's POs as to the factual specificity and legal sufficiency of Count II as it relates to A & R's claims for abatement and costs of recovery, but we grant A & R leave to amend Count II. Any amendment shall be filed within 20 days of this opinion and order, or Count II will be dismissed as a matter of course.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,    :
Department of Transportation,    :
                  Plaintiff    :
                        :
             v.        :    No. 713 M.D. 2018
                        :
A & R Development Co.,    :
              Defendant    :

## O R D E R

**NOW**, March 9, 2020, the Commonwealth of Pennsylvania, Department of Transportation's (Department) preliminary objection asserting that A & R Development Co.'s (A & R) Answer, New Matter, and Second Amended Counterclaim failed to conform to law is **OVERRULED**. The Department's preliminary objection challenging this Court's jurisdiction over Count I of A & R's Second Amended Counterclaim is **SUSTAINED**, and Count I is dismissed with prejudice. The Department's preliminary objection to Count II of the Second Amended Counterclaim based on the failure of A & R to exhaust an available statutory remedy is **OVERRULED**. The Department's demurrers to Count II of the Second Amended Counterclaim are **SUSTAINED** to the extent A & R seeks injunctive relief requiring the Department to take affirmative actions and the payment of monetary damages and penalties, and those claims are dismissed with prejudice. The Department's preliminary objections as to the factual specificity and legal sufficiency of Count II of the Second Amended Counterclaim as it relates to A & R's claims for abatement and costs of recovery are **SUSTAINED**, but A & R is **GRANTED LEAVE TO AMEND** Count II. Any amendment shall be

filed within 20 days of this opinion and order or Count II of the Second Amended Counterclaim will be dismissed as a matter of course.

_____

**RENÉE COHN JUBELIRER,** Judge