Charles BONSAVAGE and Ann
Bonsavage, his wife,
Petitioners,

v.

BOROUGH OF WARRIOR RUN, Selma
Wooton, Commonwealth of Pennsylva-
nia and Commonwealth of Pennsylva-
nia, Department of Transportation, Re-
spondents.

Commonwealth Court of Pennsylvania.

Argued April 19, 1996.

Decided May 31, 1996.

David R. Lipka, for Petitioners.

Michael A. Pendolphi, for Respondent,
Borough of Warrior Run.

James P. Kearney, Senior Deputy Attor-
ney General, for Respondent, Commonwealth
of Pennsylvania.

John V. Rovinsky, Assistant Counsel In
Charge, for Respondent, Department of
Transportation.

Before DOYLE and KELLEY, JJ., and
KELTON, JJ., Senior Judge.

DOYLE, Judge.

This action, addressed to the original juris-
diction of this Court, involves preliminary
objections filed by the Commonwealth of
Pennsylvania and the Department of Trans-
portation (Department) to the amended com-
plaint of Charles and Ann Bonsavage.

On January 16, 1994, the Bonsavages filed
a complaint in equity against the Borough of
Warrior Run with the Court of Common
Pleas of Luzerne County. The complaint
alleged that the Borough failed to properly
maintain storm sewer and sanitary sewer
pipes which resulted in damage to the Bonsa-
vages' home and sought corrective injunctive
relief as well as money damages. Thereaf-
ter, the Borough filed preliminary objections
to the complaint arguing that the Bonsavages
failed to join necessary and indispensable
parties, *to wit,* the Commonwealth, the De-
partment of Transportation and Selma Woo-
ton, an adjoining landowner. By order dated
May 4, 1995, the court of common pleas
determined that they were indispensable par-
ties under Pa. R.C.P. No. 1028(a)(5) and di-
rected the Bonsavages to join them as par-
ties. On January 9, 1995, the Bonsavages

filed an amended complaint in equity naming the Borough, the Commonwealth, the Department and Wooton, as defendants.

On July 31, 1995, the Department filed preliminary objections to the amended complaint on the grounds that: (1) the court of common pleas lacked jurisdiction; (2) the Bonsavages had an adequate remedy at law; (3) the Bonsavages failed to allege fraud and/or abuse of discretion by a public official; and (4) the Bonsavages' claim is barred by sovereign immunity. The Commonwealth also filed preliminary objections to the complaint on the basis that it is immune to suit. Because the Commonwealth was now a party defendant, the court of common pleas sustained the preliminary objection to its jurisdiction on November 17, 1995, and transferred the matter to this Court for disposition of the remaining preliminary objections. Now in our original jurisdiction, on April 16, 1996, the Bonsavages filed a motion to dismiss the Commonwealth and the Department on the grounds that they had taken the corrective action requested in the amended complaint.

### Sovereign Immunity

Both the Commonwealth and the Department argue by way of preliminary objections to the complaint that they are immune from suit pursuant to sovereign immunity.

Before the doctrine of sovereign immunity was abrogated by our Supreme Court in *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978), the Court had explained that sovereign immunity applied only to "[s]uits which seek to compel *affirmative action on the part of state officials* or *to obtain money damages to recover property from the Commonwealth* ...; suits which simply seek to *restrain state officials* from performing affirmative acts are not within the rule of immunity." *Philadelphia Life Insurance Company v. Commonwealth,* 410 Pa. 571, 576, 190 A.2d 111, 114 (1963) (emphasis in original).

■ The General Assembly specifically reaffirmed the concept of sovereign immunity by enacting 1 Pa.C.S. § 2310 which provides in pertinent part:

Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive immunity....

Therefore, because the Bonsavages seek to compel the Commonwealth and the Department to take affirmative action with respect to the sewer pipes, sovereign immunity will shield them from suit, *unless the Bonsavages' claim fits within one of the exceptions which are set forth in Section 8522 of the Judicial Code.* Section 8522(a) of the Judicial Code, 42 Pa.C.S. § 8522(a), provides:

The General Assembly ... does hereby waive, in the instances set forth in subsection (b) only, and only to the extent set forth in this subchapter ... sovereign immunity as a bar to an action against Commonwealth *parties,* for *damages arising out of a negligent act* .... (Emphasis added.)

A *Commonwealth party* is specifically defined as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." Section 8501 of the Judicial Code, 42 Pa.C.S. § 8501 (emphasis added).

Thus, the Commonwealth of Pennsylvania, itself, which is clearly **not a Commonwealth agency**, still enjoys absolute immunity pursuant to 1 Pa.C.S. § 2310. *Hall v. Acme Markets, Inc.,* 110 Pa.Cmwlth. 199, 532 A.2d 894 (1987). For this reason, we hold that the Bonsavages' claim against the Commonwealth is barred by sovereign immunity.

■ Further, although it is clear that the Department, as a Commonwealth agency, is a Commonwealth party within the meaning of Section 8501 of the Judicial Code, 42 Pa. C.S. § 8501, the General Assembly has waived sovereign immunity only for actions against Commonwealth parties "for **damages** arising out of a **negligent** act." Significantly, the General Assembly has not waived immunity for **equitable** claims seeking affirmative action by way of injunctive relief. Accordingly, we hold that the Bonsavages'

claim for **injunctive relief** against the Department is also barred by sovereign immunity.[1]

■ However, although the Bonsavages' complaint does not specifically aver a cause of action predicated upon common law negligence, the liberal construction of claims mandated by Pa. R.C.P. No. 126 requires us to take notice of this ground for a cause of action because the Bonsavages' complaint articulates it under their prayer for relief as well as factual averments in the complaint.[2] *Pastore v. State System of Higher Education*, 152 Pa.Cmwlth. 111, 618 A.2d 1118 (1992). And, because a common law negligence claim may fall within the real estate exception to sovereign immunity, Section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4),[3] the Bonsavages may be able to proceed against the Department on this basis. Accordingly, in so far as the Bonsavages seek money damages pursuant to a negligence claim, we hold that the Department is not shielded by sovereign immunity.

However, a negligence action conducted pursuant to the real estate exception to sovereign immunity is specifically excluded from our jurisdiction by virtue of Section 761(a)(1)(iii) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(iii).[4]

Accordingly, because we conclude that the Commonwealth enjoys absolute sovereign immunity and because the Department is shielded by immunity with respect to the Bonsavages' claim for a corrective injunction, the only remaining viable claims are outside our original jurisdiction. Thus, jurisdiction to adjudicate those claims, *to wit*, the claim against the Department for money damages based on a common law negligence action and the claims against the Borough and Wooton for injunctive relief as well as the Bonsavages' motion to dismiss, must in the first instance be considered by the court of common pleas.

Accordingly, this Court sustains the preliminary objections of the Commonwealth and the Commonwealth is dismissed from the suit; we sustain the preliminary objections of the Department in part; and the case will be returned to the Court of Common Pleas of Luzerne County for further disposition on the merits.

---

1. Because we hold that the Bonsavages are precluded from suing the Department for injunctive relief, we need not address the Department's three other bases for their preliminary objections which deal exclusively with the Bonsavages' ability to obtain an injunction against the Department.

2. · The Bonsavages aver that the Department has a duty to maintain the storm sewer and sanitary sewer pipes and due to the fact that these pipes have not been properly cleaned and maintained, the flow of water through the pipes has been blocked, causing flooding onto the Bonsavages' property. (Bonsavages' Complaint at Paragraphs 5, 39, 40.) Further, in their prayer for relief, the Bonsavages seek an injunction "to prevent [the Department] from neglecting to take any affirmative action with resect to the aforesaid storm sewer pipes and/or sanitary sewage pipes, ... and such other relief as the court deems necessary and proper, including, ... reimbursement to the [Bonsavages] of monetary expenditures incurred ... on account of the flooding situation." (Bonsavages' Complaint at 13–14.)

3. Section 8522(b)(4) provides in pertinent part:
   (b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
   . . . .
   (4) *Commonwealth real estate, highways and sidewalks.*—A dangerous condition of Commonwealth agency real estate and sidewalks
   . . . .
   42 Pa.C.S. § 8522(b)(4).

4. Section 761(a)(1)(iii) provides:
   (a) **General Rule.**—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
   (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
   (iii) actions or proceedings conducted pursuant to Chapter 85 (relating to matters affecting government units);
   42 Pa.C.S. § 761.
   Further, the Bonsavages' negligence action for damages is also excluded from our jurisdiction under Section 761(a)(1)(iv) which deprives this Court original jurisdiction over "actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity...." 42 Pa.C.S. § 761(a)(1)(iv).

## ORDER

NOW, May 31, 1996, upon consideration of the pleadings, briefs and arguments, it is hereby ordered as follows:

1. The preliminary objections of the Commonwealth are sustained.
2. To the extent that the preliminary objections of the Department of Transportation address the Bonsavages' claim for a corrective injunction, the preliminary objections are sustained. To the extent that the preliminary objections address the Bonsavages' claim for money damages predicated upon the Department of Transportation's negligence, the preliminary objections are overruled.
3. This matter is hereby transferred to the Court of Common Pleas of Luzerne County.